By this motion plaintiff asks the court to expunge paragraphs 13 to 20 inclusive of defendants' answer as being irrelevant, immaterial and containing evidential matter, which are grounds for such a motion under section 726g of the 1943 Supplement to the General Statutes.
The narrow question before the court is whether the allegations of these paragraphs are relevant and material to the issues posed by the complaint.
The action is an appeal from the Zoning Board of Appeals of Old Saybrook.
It is alleged that plaintiff is aggrieved by the refusal of said Board to grant its application of May 20, 1944, "for permission to erect a lumber and storage shed" in a restricted area "to be used for the storage of materials needed for use in connection with its enlarged manufacturing operations."
the complaint does not state the date of the action from which plaintiff appeals but since the complaint is dated June 21, 1944, and was served June 23, 1944, it may be inferred that plaintiff claims the ruling appealed from was made after May 20, 1944, and before June 21, 1944.
With these alleged dates in mind I turn to paragraph 13 of the answer which plaintiff asks to have expunged and there find an allegation that on June 20, 1944 (which defendants allege was after the application of May 20, 1944, was denied) plaintiff made another application to the Zoning Commission (a body other than defendant) for permission "to erect and temporarily maintain for the duration of the war and six months thereafter" the storage shed described; that this application was refused on June 23, 1944, and an appeal taken to the defendant Board.
Other paragraphs of the answer allege a hearing had before the defendant Board on July 7, 1944, an adjournment for advice of counsel and a decision on August 15, 1944, granting plaintiff's petition on condition that within 10 days from the date of such order plaintiff file a bond of $1,000 conditioned that the entire structure be removed at the expiration of the term of permitted use stated in the order; and further that *Page 232 
plaintiff neither filed the bond within the time limited or appealed from this later order.
As the court apprehends plaintiff's claim, it is that the sole issue raised by the complaint is whether or not the action of the defendant Board in denying the petition of May 20, 1944, was arbitrary, unreasonable and illegal and constituted an abuse of discretion; and that events subsequent and particularly after June 23, 1944, when the complaint was served, are immaterial to that issue.
On the other hand the court apprehends that the defendants' claim that the renewed application by the plaintiff plus the favorable but conditioned decision by the defendant Board. constitutes a defense by way of estoppel, abandonment or at least as rendering the controversy moot since the original denial is allegedly superseded by subsequent action.
Since it is not the office of the motion to expunge to test the legal sufficiency of claimed defenses, and since the answer suggests claims of law by the defendants which can only be tested by demurrer, the court must deny the present motion.
 Motion denied.